UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-395 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| WALTER O'MALLEY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

On July 23, 2020, an indictment was filed charging defendant Walter O'Malley ("O'Malley") and seven other individuals with participating in a conspiracy to commit fraud relating to the clinical trials of investigational drugs for pharmaceutical sponsors. (Doc. No. 1 (Indictment) ¶ 32.) The trial in this matter is set to begin on July 29, 2022. (Doc. No. 103 (Order).) Presently before the Court are various discovery-related motions filed by O'Malley. (Doc. Nos. 22, 23, 24.) Plaintiff United States of America (the "government") did not file responses to these motions, and the time for responding has passed.

1.  **"Specific" Motion for Disclosure of Rule 404(b) Evidence**

O'Malley requests that the government provide written notice of any and all other crimes, wrongs, or acts covered by Rule 404(b) of the Federal Rules of Evidence that it intends to introduce against him at trial. (Doc. No. 23 at 1.) He asks that this notice be provided "in advance of trial[.]" (*Id*.)

It is well-settled that, "[u]nder Rule 404(b), when the defendant requests notification of

the government's intent to introduce other-act evidence, the government must provide such notice in a reasonable form and manner." *United States v. Gonzalez*, 501 F.3d 630, 637 (6th Cir. 2007). The rule does not specifically define "reasonable" although it does state that the notice should be before trial, unless "good cause[] excuses lack of pretrial notice." Fed. R. Evid. 404(b)(3)(C). Courts have held that time periods of less than one month prior to trial fall within the realm of what constitutes "reasonable notice" under Rule 404(b). *See, e.g., United States v. Paul*, 57 F. App'x 597, 607 (6th Cir. 2003) (notice of intent to use Rule 404(b) evidence one week before trial reasonable); *United States v. French*, 974 F.2d 687, 694 (6th Cir. 1992) (trial court did not abuse its discretion in allowing the United States to disclose 404(b) evidence seven days before trial); *United States v. Pelini*, 896 F. Supp. 795, 797 (N.D. Ill. 1995) ("Regarding Rule 404(b), the government has agreed to provide said notice three weeks before trial, which satisfies the Rule 404(b) reasonableness requirement.")

O'Malley's motion is GRANTED, and the government is directed to provide formal notice of its intent to introduce any potentially qualifying Rule 404(b) evidence no later than two weeks prior to trial. Further, the government will be required to demonstrate good cause before offering any Rule 404(b) evidence that was not disclosed during that time period.

### 2. "Specific" Motions for *Brady* and *Giglio* Materials

O'Malley has also filed motions for discovery under *Brady v. Maryland*, 73 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) and *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972). (Doc. No. 22 (*Brady* Motion); Doc. No. 24 (*Giglio* Motion).) With respect to *Brady* materials, he seeks an order directing the government to "disclose all exculpatory evidence" to him. (Doc. No. 22 at 1.) Likewise, he asks that the government be directed to "produce any information known or reasonably discoverable . . . which might bear unfavorably

2

upon the credibility of any witness expected to be called to testify by the [g]overnment[.]" (Doc. No. 24 at 1 (citing *Giglio*).)

These motions represent nothing more than boilerplate requests that the government honor its discovery obligations. Yet, it is clear from the record that, since the filing of the present discovery motions, O'Malley and his co-defendants have received substantial discovery. In fact, the voluminous nature of this discovery has been the subject of discussion at multiple status conferences in this case.[1] It has also been one of the bases for the many extensions of the dates and deadlines in this case requested by defendants and granted by the Court. (*See* Doc. No. 71 (Order to Continue); Doc. No. 86 (Order to Continue); and Doc. No. 103 (Order to Continue).

O'Malley has not suggested that the government has failed to honor its discovery obligations to date, and the Court trusts that the government will continue to supplement its discovery to defendants as required under the law. To the extent that any of the discovery requested by these motions is also covered by the Jencks Act, "the terms of that Act govern the timing of the government's disclosure." *United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002) (quotation marks and citation omitted). Nevertheless, the government is encouraged to provide all required discovery materials as early as possible so as to avoid any unnecessary delays at trial.

---

[1] Defendants were required to deliver to the government hard drives with large capacities in order to receive the discovery. (*See* Doc. No. 69.)

For the foregoing reasons, O'Malley's motion for Rule 404(b) notice (Doc. No. 23) is GRANTED, and his motions for *Brady* and *Giglio* discovery (Doc. Nos. 22 and 24, respectively) are DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED**.

Dated: June 17, 2022

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**